564 P.2d 93

**RICHARD H. HUFF REALTY, INC., an Arizona Corporation, Appellant,**

v.

**Joseph ANDREWS and Bonnie Andrews, husband and wife, Appellees.**

**Joseph ANDREWS and Bonnie Andrews, husband and wife, Cross-Appellants,**

v.

**Richard H. HUFF and Barbara T. Huff, husband and wife, and George E. B. Stewart and Norma J. Stewart, husband and wife, Cross-Appellees.**

**No. 2 CA–CIV 2216.**

Court of Appeals of Arizona, Division 2.

March 2, 1977.

Rehearing Denied April 6, 1977.

Review Denied May 3, 1977.

Johnson, Hayes & Dowdall, Ltd. by Richard J. Dowdall and Sidney Y. Kohn, Tucson, for appellant and cross-appellees.

Lawrence P. D'Antonio, Tucson, Parrish & Salese by Armand Salese, Tucson, for appellees and cross-appellants.

HATHAWAY, Judge.

This is a case in which a real estate saleswoman, Bonnie Andrews, sued her employer, Richard H. Huff Realty, Inc., for commissions allegedly due her. She also sued the president of the realty company, Richard Huff, and another salesman, George Stewart, for intentional interference with her contract with the company. With regard to the breach of contract claim, the plaintiff alleged that she was entitled to both a listing and a selling commission as compensation for her services in arranging the sale of certain property. The jury awarded her both commissions in the sum of $19,800. The defendant corporation appeals, challenging the denial of its motion for judgment notwithstanding the verdict.

As to the claim for intentional interference, the plaintiff alleged that Richard Huff and George Stewart intentionally interfered with her employment contract with the corporation and that this interference caused her to fail to receive the commissions due her. Although the defendants are different, the claim for interference arises out of the same transaction as that for breach of contract. The jury found in favor of the plaintiff on the claim for tortious interference and assessed punitive damages of $5,477.95 against Richard H. Huff and $5,477.95 against George Stewart. These two defendants moved for judgment notwithstanding the verdict and their motion was granted. The plaintiff brings a cross-appeal, seeking reinstatement of the verdict.

■ The facts giving rise to this lawsuit can be outlined as follows. The plaintiff was employed as a real estate saleswoman by Richard H. Huff Realty, Inc. during March 1973, the time of the events in question. As appellant concedes, she was the listing agent on a parcel of real property owned by Mr. and Mrs. Herr. By virtue of this, she is entitled to the listing commission

of $6,600 and that point is no longer in issue on this appeal.

The property was purchased from the Herrs by George Stewart who claimed entitlement to the selling commission. He claimed that because he was a salesman employed by Huff Realty, the fact that he became the buyer of the property rendered him the selling agent, thus entitling him to the selling commission.

We agree with appellant that the verdict as to the selling commission should be set aside. This court will not overturn a verdict reasonably supported by evidence. *Ahmed v. Collins,* 23 Ariz.App. 54, 530 P.2d 900 (1975). In this case, however, there is no evidence which could reasonably support a finding that the plaintiff was the procuring cause of the sale. Plaintiff merely performed the usual duties of a listing agent in showing the property to other real estate agents. All of the expert testimony introduced at trial indicates that a listing is made known to everyone in a broker's office. A listing agent has a duty to disseminate information regarding the property to all of the salesmen in the office. When one of these salesmen finds a buyer for the property using information given to him by the listing agent, the salesman who finds the buyer is considered the procuring cause of sale. This is true even though the whole series of events was initially set in motion by the listing agent who obtained the listing and disseminated information about it.

The plaintiff's claim that she was the procuring cause of the sale apparently arises out of the fact that she not only brought in the listing but also personally showed the property to Mr. Huff and Mr. Stewart. At the time she showed the property to Mr. Stewart, however, she did not know he was a prospective buyer. He was simply another salesman in the office to whom she was exposing the property pursuant to her duty as a listing agent. Her claim to a selling commission also rests on the fact that she was present during most of the negotiations and that she relayed the terms of a counteroffer from the seller to Mr. Huff and Mr. Stewart. Although she

was present, however, she did not participate in the negotiations. Instead, Mr. Huff handled the negotiations and did all the talking. The counteroffer was relayed by the plaintiff at the request of the sellers. It was Mr. Huff who typed up the new offer and the Deposit Receipt and Agreement.

Accepting the plaintiff's testimony as true, as the jury must have done, there is not sufficient evidence that she was the procuring cause of sale. Her introduction of Mr. Huff and Mr. Stewart to the property was a fulfillment of her duty as a listing agent to disseminate information about the property to everyone in the office. The plaintiff's subsequent involvement with the negotiations was as a passive bystander rather than an active promoter of the sale. Except for her activity in getting the listing and disseminating information as to the property, we cannot say that she was the cause of the sale. Plaintiff's attorneys concede that, if, after she showed the property to George Stewart, Mr. Stewart had gone to one of his clients and convinced the client to buy the property, Mr. Stewart would have been entitled to the selling commission. The fact that Mr. Stewart himself, rather than one of his clients, bought the property, does not alter the situation. Mr. Stewart himself was the originating cause of the sale.

With regard to the verdict awarding punitive damages for tortious interference with the contract between Huff Realty and the plaintiff, we affirm the trial court's order setting aside the verdict. As we have found, no breach of contract occurred except for the failure to pay the listing commission. There is no evidence of the kind of mental state justifying recovery of punitive damages. There was no showing that the conduct of Mr. Huff and Mr. Stewart was "wrongful, wilful and malicious in fact." *McNutt Oil & Refining Co. v. D'Ascoli,* 79 Ariz. 28, 281 P.2d 966 (1955).

The judgment in favor of the Andrews against the appellant is modified to $6,600 and the judgment in favor of the cross-ap-

pellees on the tortious interference claim is affirmed.

HOWARD, C. J., and RICHMOND, J., concur.